IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| APK, LLC, ) | Case No. 14 B 23153 |
| ) | |
| Debtor. ) | Judge Jaccqueline P. Cox |
| ) | |

TO:   Patrick S. Layng
      U.S. Trustee
      Office of the U.S. Trustee, Region 11
      219 South Dearborn Street
      Room 873
      Chicago, IL 60604

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on Wednesday, July 9, 2014, at 9:30 a.m., I shall appear before United States Bankruptcy Court Judge Judge Jaccqueline P. Cox, or anyone sitting in her stead, in courtroom number 680, at the Everett McKinley Dirksen United States Courthouse, which is located at 219 South Dearborn Street; Chicago, Illinois 60604-1701, and then and there I shall present the **APPLICATION OF THE DEBTOR IN POSSESSION FOR AUTHORITY TO EMPLOY ATTORNEYS ARTHUR WELLMAN & NICHOLAS C. KEFALOS, AS ITS BANKRUPTCY COUNSEL AND FOR APPROVAL OF COMPENSATION ARRANGEMENT**, along with Affidavit and Proposed Order, true and complete copies are attached hereto.

## CERTIFICATE OF SERVICE

I, Nicholas C. Kefalos, hereby certify that on the 25th day of JUNE 2014, a true and correct copy of the foregoing **NOTICE OF MOTION**, ("NOTICE"), along with **APPLICATION OF THE DEBTOR IN POSSESSION FOR AUTHORITY TO EMPLOY ATTORNEYS ARTHUR WELLMAN & NICHOLAS C. KEFALOS, AS ITS BANKRUPTCY COUNSEL AND FOR APPROVAL OF COMPENSATION ARRANGEMENT**, ("APPLICATION"), along with Affidavit and Proposed Order, as

identified herein, was served electronically upon the above-named counsel of record via the Bankruptcy Court's CM/ECF system, and to the below listed by placing the APPLICATION along with Affidavit and Proposed Order, and NOTICE in an envelope, with proper postage pre-paid, addressed as indicated below, and placed into a U.S. Mail letterbox located within the U.S. Post Office at 100 West Randolph Street; Chicago, IL 60601 before the hour of 5:30 p.m.

Mirim R. Stein
Chuhak & Tecson, P.C.
30 South Wacker Drive, Suite 2600
Chicago, IL 60606

David J. Vitale
Urban Partnership Bank
7936 South Cottage Grove Avenue
Chicago, IL 60619

Jeffrey N. Kowalkowski
AP Machine, LLC
568 Spring Road, Suite B
Elmhurst, IL 60126

Lincoln Partner Investments, LLC
1610 South Halsted Street, Suite 502
Chicago, IL 60608

Steven Spinell
Kinzie Real Estate Real Estate Group
212 West Kinzie Street, Fourth Floor
Chicago, IL 60654

James P. Boyle
Crane & Norcross
2 North LaSalle Street, Suite 900
Chicago, IL 60602

Robert S. Steiner
U.S. Small Business Administration
500 West Madison Street, Suite 1250
Chicago, IL 60661

Maria Pappas
Cook County Treasurer
118 North Clark Street, Room 1120
Chicago, IL 60602

Jonas Price, LLC
1655 South Blue Island, Suite 3100
Chicago, IL 60608

Office of the United States Attorney for
Northern District of Illinois
219 South Dearborn Street, Fifth Floor
Chicago, IL 60604

Respectfully submitted,
APK, LLC, Debtor,

By: s/Nicholas C. Kefalos,
    One of its attorneys.

Dated: June 25, 2014

Nicholas C. Kefalos, P.C.
VERNOR MORAN, LLC
27 North Wacker Drive, Suite 2000
Chicago, Illinois 60606-2800
(312) 264-4460 (office)
(312) 264-4461 (fax)

nkefalos@vernormoran.com

IL ARDC No. 6270051

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: THE MATTER OF | ) | |
| | ) | |
| APK, LLC | ) | CHAPTER 11 |
| | ) | |
| | ) | No. 14-23153 |
| Debtor. | ) | |
| | ) | Hon. Jacqueline Cox |
| | ) | |

**APPLICATION OF THE DEBTOR IN POSSESSION FOR AUTHORITY TO EMPLOY ATTORNEYS ARTHUR WELLMAN & NICHOLAS C. KEFALOS, AS ITS BANKRUPTCY COUNSEL AND FOR APPROVAL OF COMPENSATION ARRANGEMENT**

NOW COMES the debtor and debtor in possession herein, APK, LLC (the "Debtor"), by and through its proposed counsels, and for its application for authority to employ counsels, ARTHUR D. WELLMAN and NICHOLAS C. KEFALOS as its bankruptcy counsel, states as follows:

**JURISDICTION**

1. On June 23, 2014, Debtor filed a petition under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of Illinois.

2. The Court has jurisdiction over this Application pursuant to 28 U.S.C. sect. 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. sect. 157(b)(2). Venue of this proceeding is proper in this District and before this Court pursuant to 28 U.S.C. sect. 1408 and 1409.

3. The statutory bases for the relief sought herein are sections 327(a), 328(a), 329(a) and 364 of the Bankruptcy Code and Bankruptcy Rule 2014(a).

1

4.      Neither a committee nor an examiner has been appointed to serve in this case.

## BACKGROUND OF THE DEBTOR

5.      On June 23, 2014, Debtor filed a voluntary petition under Chapter 11 reorganization rubrics of the Bankruptcy Code in the United States Bankruptcy Court, Northern District of Illinois pursuant to 11 U.S.C. sect 101-1532.

6.      The Debtor's only asset are: i.) the real property located at 1975 N. 17th Ave., Melrose Park, Illinois, together with all buildings and improvements at any time erected or standing on the real property, and all appurtenances, easements, fixtures, privileges and rights attached to or belonging to the property, together with all rents, issues, and profits of the property (the *"Property"*), and ii.) a business checking account with approximately five hundred dollars ($500.00).

7.      Pursuant to the order of the Circuit Court of Cook County, entered on November 27, 2012, Steven Spinell of Kinzie Real Estate Group, was appointed as receiver (the "Receiver") for the property.

8.      Subject to the Receiver's rights, the Debtor is continuing in possession of its Property and is operating and managing its business as a debtor in possession, pursuant to sect. 1107 & 1108 of the Bankruptcy Code. No request has been made for the appointment of a trustee or an examiner, and no official committee has been established.

9.      Debtor has filed and has pending a section 541 motion for turnover against the "Receiver" and its representatives.

## RELIEF REQUESTED

10. By this Application, the Debtor seeks to employ by an Entry of an Order pursuant to 11 U.S.C. sect. 327(a) , 328(a), 329(a) and 364 of the Bankruptcy Code and Federal Rule Bankruptcy Rules of Procedure 2014(a) and to authorize the Employment and Retention of Arthur D. Wellman and Nicholas C. Kefalos, as Counsels for the Debtor, Debtor in Possession, retroactive as of the Petition Date. It would employ and retain the named counsels as its attorneys under a general renewing retainer to perform the legal services that will be necessary during this Chapter 11 case. In support of its request Debtor submits the Affidavit of Arthur D. Wellman ( the Wellman Affidavit), a copy of which is attached hereto as Exhibit A.

## SERVICES TO BE PROVIDED

11. The professional services that the above named counsels will render to the Debtor may include, but shall not be limited to, the following:

   a. Advise the Debtor with respect to its powers and duties as debtor in the possession in the continued management and operation of its business and property,

   b. Attend meetings and negotiate with representatives of creditors and other parties in interest;

   c. Take all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any actions commenced against the Debtor and representing the debtor's

   d. Interests in negotiations concerning all litigation in which the Debtor is involved, including, but not limited to, objections to claims filed against the estate;

   e. Prepare all motions, applications, answers, orders, reports and papers necessary to the administration of the debtor's estate.

3

f.  Take any necessary action on behalf of the debtor to formulate and obtain confirmation of the Debtor's plan of reorganization, along with any disclosure statement,

g.  Represent the debtor in connection with obtaining post-petition financing,

h.  Advise the Debtor in connection with any potential sale or further lease of the asset,

i.  Appear before this Court, any appellate courts and the United States Trustee, and protect the interests of the Debtor's estate before those Courts and the United States Trustee,

j.  Consult with the Debtor regarding tax matters, and

k.  Perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 case and its business operations.

l.  To assist the debtor with respect to avoidance actions and related action and or prosecuting a claims for liability or damages in regard to property of the estate which might be available to benefit the Debtor's estate.

m.  To assist the Debtor in his analysis of its assets, liabilities and financial condition for the purpose of taking appropriate action to enable the Debtor to formulate a plan of reorganization, to review of all reports and financial documents need to be filed with the Court during the administration of this Chapter 11 case.

n.  The Debtor seeks to retain said counsels as its attorneys because the counsels named have experience and knowledge in the field of debtors' and creditors rights and business reorganizations under Chapter 11 of the Bankruptcy Code. In addition, counsels have the expertise, experience and knowledge practicing before bankruptcy courts, and in other substantive areas of law which may arise in this case including general corporate, tax, benefits, insurance, finance and litigation.

o.  The Debtor believes that retention of counsels will result in the successful and efficient resolution of its overall efforts to reorganize its business, as well as in the timely conclusion of all individual matters related to those efforts. The Debtor believes that the retention of counsel as described above will benefit its estate and preserve funds for distribution to creditors. The named counsels have discussed with

4

the Debtor the necessity of, and will take the utmost care to provide, the most beneficial and efficient utilization of counsel's professional services and other resources to avoid duplication of legal services and to minimize expenses to the estate.

## PROPOSED EMPLOYMENTOF BANKRUPTCY COUNSEL

12.    The Debtor request the Bankruptcy Counsels be compensated on an hourly basis plus reimbursement of actual, necessary expenses and other charges of administration that counsels incur pursuant to section 330 and 331 of the Bankruptcy code and the Local rules and orders of this Court. Bankruptcy counsels will from time to time petition the Court for an award of compensation and reimbursement of costs pursuant to section 330 and 331 of the Bankruptcy Code, or pursuant to any procedures that may be established in this case for the application, approval and payment of compensation to professionals. The counsels will charge the Debtor hourly rates consistent with professional rates commonly charged in bankruptcy and non-bankruptcy matters of this type.

13.    Due to the specific rules and procedures applicable to cases under the Bankruptcy code, and specifically Chapter 11, the debtor needs the representation of counsel who is well-versed in such matters. The Debtor selected Bankruptcy Counsel due to its extensive experience in matters of this nature, and the Debtor believes that Bankruptcy counsel is well qualified to represent it as its bankruptcy counsel in this case. for purpose of engagement, Arthur Wellman, senior counsel, has agreed to a current hourly billing rate of $400.00. The hourly billing rate of Attorney Nicholas C. Kefalos, is $325.00.  If and to the extent required, paraprofessional services would be rendered at an hourly rate of $105.00 to $145.00.

14. Attorney Wellman will be responsible for supervising all services to be rendered for and on behalf of the Debtor during the administration of this case, and to assigning tasks to the counsels and paralegals and administrative staff in a manner that will be cost effective for the Debtor and the Estate. He graduated from Valparaiso University Law School in 1976. He was Title Examiner, National Escrow officer and then Title Legal officer for Chicago Title and Trust Co. from 1976 through 1978. He became Associate In House Legal Counsel for Home Federal Savings and served in such capacity and was involved in the financial restructure and purchase by Talman Federal Savings and Loan in 1979 with the firm of Kirkland and Ellis.

In 1980, he formed a partnership with other counsels called *Garelick, Greene and Wellman* and concentrated on state and federal civil practice, commercial and residential real estate, and business and consumer issues. This includes over two hundred Chapter 7 and Chapter 13 cases. His practice additionally included needed business tax and restructuring during the early recession years of the 1980's, mainly for small businesses, as well as business reorganizations, including doing Chapter 11's reorganizations, especially in relation to the family restaurant and lounge business. Confirmed Chapter 11 cases include: 8500 S. Harlem Ave, Inc., Romeo Liquor and Carryouts, Inc., Panaroma Restaurant, Inc., in the 1983-1990's era. Twelve (12) other business Chapter 11's from 1983 to present have resulted in extensive administration and either one liquidating Chapter 11 or a conversions to Chapter 7. The most recent Chapter 11 involvement was in Re: BK of Efstratious Vitogiannis, 13-bk-6705, which matter involved an effectual dismissal with a complex state settlement of a dissolution of a commercial partnership between two brother partners with the law firm of *Ariel Weissberg & Associates*.

Since his retirement from the military and the JAG Corps in 2009, which military service included the last five (5) full years of active service being deployed overseas, Mr. Wellman devotes about 50% of his practice to bankruptcy matters. Mr. Wellman is also member of the Federal Trial Bar.

12. The Debtor requests that all legal fees and related costs and expenses incurred by the Debtor on account of services rendered by the counsels in this case be paid as administrative expenses of the estate. Subject to the Court's approval, the counsels will charge the debtor for its legal services on an hourly basis in accordance with their usual ordinary and customary hourly rates in effect on the date such services are rendered.

13. It is customary and the general policy of the counsels associated here to charge its clients in all areas of practice for all expenses incurred in connection with a client's case. The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, certain secretarial overtime and other overtime expenses, filing and recording fees, postage, express mail and messenger charges, computerized legal research charges, expenses for "working meals" and fax charges. The counsels will charge the Debtor for these expenses in a manner and at rates consistent with those they generally charge their other clients. Counsels believe that it is fairer to charge these expenses to the particular client rather than increasing its hourly rates to spread these expenses amongst all of its clients.

14. To date, the Counsels have received the amounts set forth in the Wellman Affidavit from the Debtor as compensation for the professional services performed relating to the potential restricting of the Debtor's financial obligations and the commencement of the Chapter 11 case, as well as additional amounts for the

reimbursement of reasonable and necessary expenses incurred in connection therewith. Counsels have also received an advance payment disclosed in the Wellman affidavit for its prepetition and post-petition services rendered and expenses incurred on behalf of the Debtor. The Debtor also requests authority that the advance retainer to Bankruptcy Counsels herein for such work of $16,717.00 be approved as an acceptable advance retainer.

## LEGAL BASIS OF RETENTION

15. Pursuant to section 327(a) of the Bankruptcy Code, the Debtor is authorized to employ professional person "that do not hold or presently represent an interest adverse to the Estate, and that disinterested persons, to represent or assist the debtor in possession in carrying out its duties under this title." 11 U.S.C. sect 327(a) of the Bankruptcy Code by or representation of the Debtor before the commencement of the case." 11 U.S.C. sect 1107 (b).

16. Pursuant to section 328(a) of the Bankruptcy Code, the Debtor is authorized to employ professional persons "on any reasonable terms and conditions of employment, including on a retainer, or an hourly basis… 11 U.S.C. sect. 328 (a).

17. In accordance with Bankruptcy rule 2014 (a), this Application and the Wellman Affidavit set forth: (i) the facts establishing the necessity for the named counsels employment, (ii) the reasons for the Debtor's selection of named counsels in the Chapter 11 case, (iii) the professional services to be provided by the named counsels, (iv) the arrangements between the Debtor and named counsels with respect to compensation and why such compensation is reasonable and (v) to the best of Debtor's knowledge , the

nature and extent of named counsels relationship to any parties in interest in these matters, which is none.

18. To the best of the Debtor's knowledge, and except as disclosed in the Wellman Affidavit, the proposed named counsel do not hold or represent an interest adverse to the Debtor or the Debtor's estate and do not have any connection with the Debtor, its creditors or any other party in interest. All proposed named counsel herein are "disinterested persons" as defined in section 101(14) of the Bankruptcy Code as modified by section 1107(b) of the Bankruptcy code, and the named counsel employment is necessary and the best interests of the Debtor and Debtor's estate.

WHEREFORE, Debtor respectfully requests that the Court enter an order (a) Authorizing the Debtor to retain and employ, Arthur Wellman and Nicholas C. Kefalos, as Counsels for the Debtor, under a general retainer agreement to represent the Debtor in all phases of this Chapter 11 case, pursuant to sections 327(a), 328(a), 329(a) and 364 of the Bankruptcy code and Bankruptcy Rule 2014, and (b) granting such other and further relief as the Court may deem proper.

Respectfully submitted,<br>APK, LLC, Debtor,

Dated: June 25, 2014        By: s/Nicholas C. Kefalos,
                                   One of its attorneys.

Nicholas C. Kefalos, P.C.
VERNOR MORAN, LLC
27 North Wacker Drive, Suite 2000
Chicago, Illinois 60606-2800
(312) 264-4460 (office)
(312) 264-4461 (fax)

nkefalos@vernormoran.com

IL ARDC No. 6270051