UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
Eastern Division

In Re:  )   BK No.: 14-23153
APK, LLC  )
  )
  )   Chapter: 11
  )
  )   Honorable Jacqueline Cox
  )
  )
Debtor(s)  )

**Order Pursuant to 11 U.S.C. Sect. 327(a), 328(a) and 364 of the Bankruptcy Code and Fed.R. Bankr.P. 2014(a) Authorizing the Employment and Retention of Arthur D. Wellman, and Nicholas C. Kefalos, as Counsel for the Debtor and Debtor in Possession, Nunc Pro Tunc, as of the Petition Date**

Upon the application, ("Application"), of the above-captioned debtor, ("Debtor"), seeking entry of an order, ("Order"), pursuant to Sect. 327(a), 328(a), 329(a) and 364 of Title 11 of the United States Code, as amended, ("Bankruptcy Code"), authorizing the Debtor to employ and retain Arthur D. Wellman, and Nicholas C. Kefalos, ("Attorneys"), as its counsel, nunc pro tunc, as of the Petition Date; and upon the Affidavit of Arthur D. Wellman, ("Wellman Affidavit"); and, the Court being satisfied based on the representations made in the Application and in the Wellman Affidavit that the Attorneys who will be engaged in this case represent no interest adverse to the Debtor's estate with respect to the matters upon which Attorneys are to be engaged; that they are disinterested persons as that term is defined under Sect. 101(14) of the Bankruptcy Code, as modified by Sect. 1107(b) of the Bankruptcy Code; and sufficient notice of the Application having been given under the circumstances; and that their employment is necessary and would be in the best interest of the Debtor's estate; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. Sect. 157(b); and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. Sect. 157 and 1334; and it appearing that venue of this proceeding and the Application is properly in this district under 28 U.S.C. Sect. 1408 and 1409; and after due deliberation and sufficient cause appearing therefore:

It is hereby ordered:

1. The Application is GRANTED.

2. In accordance with Sect. 327(a) and 328(a) of the Bankruptcy Code, the Debtor is authorized to employ and retain Attorneys as its counsel in this Chapter 11 case on the terms set forth in the Application and the Wellman Affidavit, nunc pro tunc, as of the Petition Date.

3. Attorneys shall render professional services to the Debtor that may include, but shall not be limited to, the following:

i. advise the Debtor with respect to its powers and duties as Debtor in possession in the continued management and operation of its businesses and properties;

ii. attend meetings and negotiate with representatives of creditors and other parties in interest;

iii. take all necessary actions to protect and preserve the Debtor's estate, including prosecuting actions on the Debtor's behalf, defending any actions commenced against the Debtor and representing the Debtor's interests in negotiations concerning all litigation in which the Debtor is involved,

including, but not limited to objections to claims filed against the estate;

   iv. prepare all motions, applications, answers, orders, reports, and papers necessary to the administration of the Debtor's estate;

   v. take any necessary action on behalf of the Debtor to obtain confirmation of the Debtor's plan of reorganization;

   vi. represent the Debtor in connection with obtaining post-petition financing;

   vii. advise the Debtor in connection with any potential sale of assets;

   viii. appear before this Court, any appellate courts, and the United States Trustee, and protect the interests of the Debtor's estate before those courts and the United States Trustee;

   ix. consult with the Debtor regarding tax matters; and,

   x. perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 case and its business operations.

   4. Attorneys shall be compensated for their services and reimbursed for any related expenses in accordance with applicable provisions of the Bankruptcy Code, including Sect. 328, 330, and 331 thereof, the Bankruptcy Rules, local Bankruptcy Rules, and any other applicable orders or procedures of this Court.

   5. If the assets of the estate are insufficient to pay administrative costs, including fees to professional persons appointed by court order, interim payments on said fees may not be allowed if it cannot be shown that there is a reasonable likelihood that the estate will in the future generate sufficient cash to pay all administrative expenses in full.

   6. The terms and conditions of all fee arrangements are subject to the provisions of 11 U.S.C. Sect. 328(a), which states in part that "the court may allow compensation different from the compensation provided under such terms and conditions after the conclusion of such employment, if such terms and conditions prove to have been improvident in light of developments not capable of being anticipated at the time of the fixing of such terms and conditions."

   7. Attorneys shall charge the Debtor for their legal services on an hourly basis in accordance with their ordinary and customary hourly rates in effect on the date that such services are rendered. The hourly rates charged by Attorneys for their 2014 fiscal year, (January 1, 2014-December 31, 2014), for professionals and paraprofessionals employed in their offices are provided below:

   Arthur D. Wellman $400 per hour
   Nicholas C. Kefalos $325 per hour

   8. Attorneys shall maintain detailed billing records and shall be compensated for any actual and necessary costs and expenses incurred in connection with the aforementioned legal services.

   9. This Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

Enter:

*Jacqueline P. Cox*
J. Cox
United States Bankruptcy Judge

Dated: JUL -9 2014

**Prepared by:**

Nicholas C. Kefalos (IARDC No.: 6270051)
Vernor Moran, LLC
27 North Wacker Drive, Suite 2000
Chicago, IL 60606-2800
(312) 264-4460