# United States Bankruptcy Court
## Northern District of Illinois

In re: APK, LLC
Debtor(s)

Case No. 14-23153
Chapter 11

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ Reasonable Compensation |
   | Prior to the filing of this statement I have received | $ 15,000.00 |
   | Balance Due | $ Reasonable Compensation |

2. The source of the compensation paid to me was:
   ☐ Debtor    ☒ Other (specify):    50% Member and Manager of LLC

3. The source of compensation to be paid to me is:
   ☒ Debtor    ☐ Other (specify):

4. ☒ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. Such other legal services as may be required for the debtor in the Chapter 11 case as set forth in that certain Motion of the Debtor to Employ Adelman & Gettleman, Ltd. as substitute Legal Counsel

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:

   Services which fall outside the scope of retention set forth above.

7. Attached hereto as Exhibit A is Adelman & Gettleman, Ltd.'s applicable engagement letter.

**CERTIFICATION**

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

Dated: August 20, 2014

/s/ Nathan Q. Rugg
Nathan Q. Rugg, Esq. ARDC #6272969
Adelman & Gettleman, Ltd.
53 W. Jackson Blvd.
Suite 1050
Chicago, IL 60604
312-435-1050   Fax: 312-435-1059

# Exhibit A

# Engagement Letter



# ADELMAN & GETTLEMAN LTD

established 1983

53 W. Jackson Boulevard ❙ Suite 1050 ❙ Chicago, Illinois 60604 ❙ 312-435-1050 ❙ Fax 312-435-1059

www.ag-ltd.com

August 14, 2014

**Personal and Confidential**
**Subject to Attorney/Client Privilege**

**VIA EMAIL**
APK, LLC
~~3801 N. Mannheim Road~~ 1975 N 17TH AVE
~~Schiller Park, IL 60176~~ MELROSE PARK, IL 60160
Attn:   Peter Konieczny

Re:   Retention of Adelman & Gettleman, Ltd.

Dear Peter:

This letter will confirm and finalize the arrangement under which our firm will act as counsel to APK, LLC, an Illinois limited liability company (the "Company") with respect to its financial difficulties, specifically to include representation in connection with its chapter 11 bankruptcy case (the "Retained Services"), filed June 23, 2014, and pending before the Honorable Jacqueline P. Cox in the U.S. Bankruptcy Court, Northern District Court of Illinois (the "Bankruptcy Court"), case no. 14-23153 (the "Chapter 11 Case"). Yesterday, (Wednesday, August 13th), we met with you and had preliminary discussions regarding the Chapter 11 Case and your desire to replace the current attorneys representing the Company in the Chapter 11 Case (the "Current Counsel").

REDACTED

Our firm concentrates in bankruptcy, commercial reorganization, insolvency, and commercial litigation. We encourage you to view our website at www.ag-ltd.com. We are pleased to have our lawyers listed in Naifeh and Smith's "The Best Lawyers in America," Woodward/White; "America's Leading Lawyers for Business" by Chambers and Partners; Illinois Super Lawyers, and Illinois Leading Lawyers Network. Our website will describe the scope of our services and our experience.

311053_1

Case 14-23153   Doc 31   Filed 08/20/14   Entered 08/20/14 12:55:03   Desc Main
Document   Page 4 of 10

**ADELMAN & GETTLEMAN LTD**
established 1983

APK, LLC
Attn:   Peter Konieczny
August 14, 2014
Page 2

REDACTED

ADELMAN & GETTLEMAN LTD

**ADELMAN & GETTLEMAN LTD**
established 1983

APK, LLC
Attn:   Peter Konieczny
August 14, 2014
Page 3

REDACTED

**ADELMAN & GETTLEMAN LTD**
established 1983

APK, LLC
Attn:  Peter Konieczny
August 14, 2014
Page 4

REDACTED

### ATTORNEY FEES AND ADVANCE PAYMENT RETAINER

In connection with our representation and in order to commence our efforts, we are to receive an "advance payment retainer" (defined below) in the amount of $15,000.00 upon the signing of this letter which will be applied against services to be rendered (collectively, the "Prepayment"). Due to the pendency of the Chapter 11 Case we understand that the Prepayment will be remitted from a third party source directly to our firm with no recourse to the Company. Monthly invoices will be submitted to you. In the event monthly invoices exceed the amount of Prepayment, or any additional prepayments, payment is due seven (7) days after the date of our invoices (the "Due Date"). You agree to reimburse us for all disbursements made on your behalf, such as filing fees, computer research fees, long distance telephone charges, copying and messenger service. During the Chapter 11 Case, each of the above payment terms and all payments to our firm will be subject to the approval of the Bankruptcy Court.

### ABSOLUTE TRANSFER OF PREPAYMENT

The Prepayment will be treated as an absolute transfer to us, is income to us upon receipt, and will not be held in a Company trust account, but rather, will be deposited into our firm's regular operating or business account.  In the event the attorney/Company relationship is terminated as provided herein, a right of refund will then arise which will entitle the Company to a refund of the Prepayment to the extent it is not earned by us.

### ADVANCE PAYMENT RETAINER

Please note that under Illinois law, there is another type of retainer paid to attorneys which is referred to as a "security retainer" under which the retainer is held by the attorney in a separate trust account and it remains the property of the Company until the attorney applies it to charges for services that are actually rendered. Under Illinois law, you have the option to treat



**ADELMAN & GETTLEMAN LTD**
established 1983

APK, LLC
Attn:  Peter Konieczny
August 14, 2014
Page 5

the Prepayment as a "security retainer", however, please be advised that we are unwilling to represent you unless the Prepayment is treated as an "advance payment retainer" as described above. As we also discussed, one of the reasons that we prefer to treat the Prepayment as an "advance payment retainer" rather than as a "security retainer", is that under Illinois law and in applicable circumstances, a "security retainer" may remain subject to the claims of creditors, while an "advance payment retainer" is not. Accordingly, we believe that by treating the Prepayment as an "advance payment retainer" will afford both the Company and us with greater assurance that we will be compensated and that the Company will have legal services to the extent of the Prepayment, and subject to the terms of this letter. Accordingly, by executing this letter, the Company agrees that the Prepayment and any additional Prepayments shall be treated as an "advance payment retainer" as described above, and not as a "security retainer".

Inasmuch as it is difficult to foresee what our total fee and disbursements will be and since we cannot predict the course of this matter, we are to receive $525.00 an hour for the time expended by Messrs. Adelman, Gettleman or Merens, $465.00 for Messrs. Berish, Carter, $435.00 for Messrs. Silverman or Rugg, $395.00 for Messrs. Chaiken and Buck, and $325.00 an hour for associates. These rates are less than our standard rates and are being applied as a courtesy. The firm expressly reserves the right to increase its rates for the Retained Services and this engagement at the beginning of the calendar year commensurate with a general increase of the firm's rates for all clients, if any. We anticipate that the time required will likely be in excess of the initial Prepayment.

### INDUCEMENT TO ACCEPT PROFESSIONAL RESPONSIBILITY AND RIGHT TO TERMINATE ATTORNEY/COMPANY RELATIONSHIP

You acknowledge that the above financial arrangements have been agreed upon to induce us to act as the Company's attorneys. In the event that our fees remain unpaid for seven (7) days after the date of our request or monthly invoices, as the case may be, we will have no alternative but to withdraw as the Company's attorneys. By accepting this arrangement, the Company will be deemed to have consented in advance to allowing us to withdraw as its attorneys in the event of nonpayment, and expressly waives the attorney/Company privilege concerning relevant portions of this letter so as to permit us to withdraw as the Company's attorneys. All parties to this agreement shall have the right to terminate the attorney/client relationship provided herein for any reason in their sole discretion upon five (5) business days prior written notice.



**ADELMAN & GETTLEMAN LTD**
established 1983

APK, LLC
Attn:   Peter Konieczny
August 14, 2014
Page 6

## AUTHORITY

You authorize us to give to, and receive from, the Company's other counsel, including the Current Counsel, tax return preparers, and consultants, confidential information regarding the Company's affairs.

REDACTED



**ADELMAN & GETTLEMAN LTD**
established 1983

APK, LLC
Attn:   Peter Konieczny
August 14, 2014
Page 7

REDACTED

## NON-RELIANCE

This document contains our entire agreement pertaining to our retention by the Company. There were no prior agreements between the parties. We have made no representations, guaranties or promises regarding the disposition of any phase of the Company's matters and all expressions relative to such an outcome are our opinions as attorneys.

## COMMENCEMENT OF REPRESENTATION

If this arrangement is satisfactory to the Company, please indicate its acceptance and understanding by signing and returning a copy of this letter at your earliest convenience. Upon receipt of this letter and the Prepayment requested, we will proceed promptly. No attorney/client relationship, nor any duty or obligation by our firm of any kind has arisen as a result of our discussions thus far with the Company, or its counsel, and will not arise until this engagement letter is signed by the Company and the Prepayment required herein is delivered. We shall have no responsibility to commence our efforts until the Prepayment is made. Our wire transfer instructions are as follows:

JPMorgan Chase Bank, N.A.
10 S. Dearborn St., Chicago, IL  60603
ABA Routing No. 021000021 for the account of
Adelman & Gettleman, Ltd.
Account No. 4004000



**ADELMAN & GETTLEMAN LTD**
established 1983

APK, LLC
Attn: Peter Konieczny
August 14, 2014
Page 8


      If you have any questions or if I may be of further assistance, please feel free to contact me.

                          Sincerely,

                          Nathan Q. Rugg

NQR/lh

THE ABOVE IS FULLY UNDERSTOOD, ACKNOWLEDGED, APPROVED AND AGREED EFFECTIVE AS OF THE 13TH DAY OF AUGUST, 2014.

APK, LLC, an Illinois limited liability company

By: _____
    Peter Konieczny, Manager and 50% Member

By: _____
    Andrew Konieczny, Manager and 50% Member