## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| | ) | |
| *APK, LLC*, | ) | **Case No. 14-23153** |
| | ) | |
| | ) | |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **WEDNESDAY, SEPTEMBER 10, 2014 at 9:30 AM**, I shall appear before the Honorable Jacqueline P. Cox, Bankruptcy Judge, in Courtroom 680, Everett McKinley Dirksen Federal Courthouse, 219 South Dearborn Street, Chicago, Illinois, or before any other Bankruptcy Judge who may be sitting in her place and shall present a **MOTION TO EXAMINE FEES**, a copy of which is attached hereto and is herewith served upon you.

/s/ *Denise A. DeLaurent*
Denise A. DeLaurent, Trial Attorney
United States Department of Justice
Office of the United States Trustee
219 South Dearborn Street, Room 873
Chicago, Illinois  60604
(312) 886-3326

# CERTIFICATE OF SERVICE

      I, Denise A. DeLaurent, an Attorney, state that on September 3, 2014, pursuant to Local Rule 9013-1(D) the above **NOTICE OF MOTION** and the appended **MOTION TO EXAMINE FEES** were filed and served on all parties identified as Registrants on the service list below, through the Court's Electronic Notice for Registrants and as to all other parties on the service list, I caused a copy to be sent via the manner indicated to the addresses shown below.

                        /s/ *Denise A. DeLaurent*

**Registrants Served Through the Court's Electronic Notice For Registrants**

- Nathan Q. Rugg    nrugg@ag-ltd.com, lhope@ag-ltd.com
- Adam P. Silverman    asilverman@ag-ltd.com
- Miriam R. Stein    mstein@chuhak.com, sflynn@chuhak.com

**Via Email:**

Arthur D Wellman    arthur.d.wellman@hotmail.com
Nicholas C Kefalos    nkefalos@vernormoran.com

**Parties Served via First Class Mail:**

**Piotr Konieczny**
**APK, LLC**
1975 17th Avenue
Melrose Park, IL 60160

**Internal Revenue Service**
Mail Stop 5010 CHI
230 S. Dearborn Street
Chicago, IL 60604

**Illinois Department of Revenue**
Bankruptcy Section
PO Box 64338
Chicago, IL 60664-0338

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 11 |
| | ) | |
| *APK, LLC*, | ) | **Case No. 14-23153** |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |

## MOTION TO EXAMINE FEES

NOW COMES PATRICK S. LAYNG, the United States Trustee for Region 11 ("**U.S. Trustee**"), by and through his attorney, Denise A. DeLaurent, and asks this Court, pursuant to 11 U.S.C. § 329 and Fed. R. Bankr. P. 2017, to examine the fees paid to attorneys Arthur D. Wellman and Nicholas C. Kefalos and for other relief. In support thereof, the U.S. Trustee respectfully states as follows:

1. This is a core proceeding concerning the administration of the estate pursuant to 28 U.S.C. § 157(b)(2)(A) which this Court may hear and determine pursuant to Internal Operating Procedure 15(a) and Local Rule 40.3.1(a) of the United States District Court for the Northern District of Illinois.

2. APK, LLC ("**Debtor**") filed a petition for relief under Chapter 11 of the Bankruptcy Code on June 23, 2014 ("**Petition**").

3. Attorneys Arthur D. Wellman and Nicholas C. Kefalos ("**Attorneys**") represented the Debtor in the filing of the Petition and signed the document as Debtor's Attorneys.

4. On June 25, 2014, shortly after filing the case, the Attorneys filed an Application to be Employed and a Motion for Turnover. These Motions were granted on July 9, 2014.

2

5. After July 9, 2014, the case sat dormant and none of the debtor duties were complied with under the Bankruptcy Code, resulting in the filing of a Motion to Dismiss by the primary secured creditor, Urban Partnership Bank ("**Bank**").

6. Pursuant to Fed.R.Bankr.P. 1007(c), the Debtor's Schedules and Statement of Financial Affairs were due on July 7, 2014.  The Debtor's Schedules and Statement of Financial Affairs were not filed timely and no extension of time was requested by motion as required by Fed.R.Bankr.P. 1007(a)(5).

7. The Debtor's Schedules were filed shortly before the first scheduled 341 Meeting, but were not verified.

8. On August 5, 2014, the U.S. Trustee was unable to conduct the scheduled 341 Meeting in the manner necessary.  The U.S. Trustee did allow questioning of the Debtor under oath, and the debtor representative, Piotr Konieczny ("**Konieczny**"), testified that he had not reviewed the Schedules prior to filing and the Schedules were not verified or signed by him.

9. The U.S. Trustee continued the 341 Meeting to August 13, 2014 in order to allow the Attorneys to prepare and file verified Schedules and the Statement of Financial Affairs for the Debtor.

10. On August 13, 2014 at the continued 341 Meeting, the Attorneys still had not filed the Statement of Financial Affairs or verified the Schedules filed and once again the 341 Meeting had to be continued.

11. After the August 13, 2014 341 Meeting, Konieczny sought new counsel and requested that the Attorneys withdraw.  Nathan Q. Rugg substituted in for the Attorneys as new counsel on August 19, 2014.

12. Based on the testimony and statements at the various 341 Meetings, it did not appear that the Debtor was properly counseled regarding its obligations under Chapter 11 of the Bankruptcy Code.

13. At the time the Attorneys withdrew, almost two months into the case, no operating reports had been filed, there was no cash collateral order negotiated with the Bank and the U.S. Trustee was unable to complete the Debtor's 341 Meeting, due to either no documents or inadequate documents being filed.

14. The Attorneys received $16,717 as a retainer prior to the filing of the case. This retainer is identified and disclosed in the Attorneys' Application to Employ [Docket No. 7]. A 2016 Disclosure of Compensation has not been filed by the Attorneys in this case.

15. Section 329(b) of the Bankruptcy Code authorizes this Court to examine sums paid to a debtor's counsel in connection with a bankruptcy case. Section 329(b) provides that, to the extent the amounts received exceed the reasonable value of the services rendered, the Court can cancel any agreement between the debtor and counsel and order the return of any excessive payment.

16. In light of the foregoing, the U.S. Trustee submits that the Attorneys' fees warrant examination under 11 U.S.C. § 329 in this case.

WHEREFORE, the U.S. Trustee respectfully asks the Court to enter an order scheduling a hearing to examine the compensation of Arthur D. Wellman and Nicholas C. Kefalos pursuant to 11 U.S.C. § 329 and Fed.R.Bankr.P. 2017, directing Arthur D. Wellman and Nicholas C. Kefalos to appear at said hearing, and granting such further relief as this Court deems just.

                RESPECTFULLY SUBMITTED:
                PATRICK S. LAYNG
                UNITED STATES TRUSTEE

DATED: September 3, 2014        By:  /s/ *Denise A. DeLaurent*
                Denise A. DeLaurent, Trial Attorney
                United States Department of Justice
                Office of the United States Trustee
                219 South Dearborn Street, Room 873
                Chicago, Illinois  60604
                (312) 886-3326