**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| APK, LLC, | ) | Case Number  14-23153 |
| | ) | |
| Debtor. | ) | Honorable Jacqueline P. Cox |
| | ) | |
| | ) | Hearing Date and Time: |
| | ) | Tuesday, August 11, 2015 at 10:00 a.m. |
| | ) | |

**NOTICE OF MOTION**

TO:    See attached service list

**PLEASE TAKE NOTICE** that on **Tuesday, the 11th day of August, 2015, at 10:00 a.m.**, or as soon thereafter as counsel may be heard, we shall appear before the Honorable Jacqueline P. Cox of the United States Bankruptcy Court for the Northern District of Illinois, Eastern Division, or any judge sitting in her place or stead, in Courtroom 680 of the Dirksen United States Courthouse, 219 South Dearborn Street, Chicago, Illinois, and then and there present that certain **FIRST AND FINAL APPLICATION OF TAXES – THE FINANCIAL SERVICES CORP. FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES AS ACCOUNTANTS TO THE DEBTOR**, a copy of which is attached hereto and hereby served upon you.

> NATHAN Q. RUGG, ESQ. (ARDC #6272969)
> ALEXANDER F. BROUGHAM, ESQ. (ARDC #6301515)
> **ADELMAN & GETTLEMAN, LTD.**
> 53 West Jackson Boulevard, Suite 1050
> Chicago, Illinois 60604
> Telephone: 312-435-1050
> Facsimile: 312-435-1059
> Counsel for the Debtor

**CERTIFICATE OF SERVICE**

I hereby certify that a true copy of the foregoing Notice of Motion and the document referred to therein were served upon the persons listed on the below Service List via First Class Mail, postage prepaid, unless otherwise indicated, this 24th day of July, 2015.

> /s/ Alexander F. Brougham
> Alexander F. Brougham, Esq.

**Service List**
**(via First Class Mail)**

Bruce Scalambrino
Christopher L. Muniz
Scalambrino & Arnoff, LLP
One North LaSalle Street, Suite 1600
Chicago, IL 60602
*Counsel for GEMO Properties LLC*

A.P. Machine, Inc.
Attn: Jeffrey N. Kowalkowski
586 Spring Road, Suite B
Elmhurst, IL 60126

Chicago Enclosures, LLC
Attn: Greg Baron
1975 North 17th Avenue
Melrose Park, IL 60160

Crane & Norcross
2 North LaSalle Street
Suite 900
Chicago, IL 60602

Morelia Express, Inc.
Attn: Juan Carlos Caldreon
2533 North 75th Court
Elmhurst Park, IL 60707

Sena Transportation, Inc.
Attn: Mykhaylo Vasenda
3209 North Drake Avenue, Unit "C"
Chicago, IL 60618

Urban Partnership Bank, as assignee of the
FDIC as Receiver for ShoreBank
c/o Miriam R. Stein
Chuhak & Tecson, P.C.
30 South Wacker Drive, Suite 2600
Chicago, IL 60606

U.S. Small Business Administration
500 West Madison Street, Suite 1250
Chicago, IL 60661

Patrick S. Layng
Office of the U.S. Trustee, Region 11
219 South Dearborn Street, Room 873
Chicago, IL 60604

Cook County Treasurer
118 North Clark Street Room 1120
Chicago, IL 60602

Illinois Department of Revenue
Bankruptcy Section
P.O. Box 64338
Chicago, IL 60664-0338

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

Office of Illinois Attorney General
for the Northern District of Illinois
219 South Dearborn Street, Fifth Floor
Chicago, IL 60604-1702

AB Quality General
7434 West 61st Place
Summit, IL 60501-1620

Andrew Konieczny
1975 17th Avenue
Melrose Park, IL 60160-1348

Filemon Villfuerte
7035 West Terra Street
Villa Park, IL 60181

Grel Heating & Cooling
7851 West 80th Place
Bridgeview, IL 60455-1424

Fire Equipment Co.
P.O. Box 2308
Melrose Park, IL 60164-0308

JP Morgan Chase Bank, N.A.
P.O. Box 33035
Louisville, KY 40232-3035

Kinzie Real Estate Group
Attn: Steven Spinell
212 West Kinzie Street, Fourth Floor
Chicago, IL 60654-6759

Erie Insurance Group
100 Erie Insurance Place
Erie, PA 16530-1104

Jonas Price, LLC
1655 South Blue Island, Suite 3100
Chicago, IL 60608-2133

Lincoln Partner Investments, Inc.
1610 South Halsted, Suite 102
Chicago, IL 60608-2598

Modestas Law Offices, P.C.
25 East Washington Street, Suite 1804
Chicago, IL 60602-1828

Peter Konieczny
1975 17th Avenue
Melrose Park, IL 60160-1348

Michael R. Ek, Ltd.
120 West Golf Road, Suite 112
Schaumburg, IL 60195-3618

The Taxes Financial Services Corp.
Attn: Artur Arciuch
7003 ½ West Higgins
Chicago, IL 60656-1901

Nicholas C. Kefalos
Vernor Moran LLC
27 North Wacker Drive, Suite 2000
Chicago, IL 60606-2800

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| APK, LLC, | ) | Case No. 14-23153 |
| | ) | Hon. Jacqueline P. Cox |
| Debtor. | ) | |
| | ) | Hearing Date: August 11, 2015 |
| | ) | Hearing Time: 10:00 a.m. |

**FIRST AND FINAL APPLICATION OF TAXES – THE FINANCIAL
SERVICES CORP. FOR COMPENSATION AND REIMBURSEMENT OF
<u>EXPENSES AS ACCOUNTANTS TO THE DEBTOR</u>**

NOW COME Artur Arciuch, MSc, CPA, E.A. and the accounting firm of Taxes – The Financial Services Corp (collectively, "**Taxes**"), accountants to APK, LLC, an Illinois limited liability company, debtor and debtor in possession herein (the "**Debtor**"), and hereby submit Taxes' first and final application and moves for the entry of an order for the final allowance and payment of compensation and reimbursement of ordinary and necessary expenses incurred in connection therewith as accountants to the Debtor during the pendency of this case under chapter 11 of the United States Bankruptcy Code (the "**Code**"), pursuant to section 330 of the Code and Rules 2002(a)(6), 2016, and 9006(c) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and in support thereof, respectfully states as follows:

**I.     INTRODUCTION**

This application (the "**Application**") encompasses the approximately one-year period from June 23, 2014, through July 31, 2015 (the "**Application Period**"). During the Application Period, Taxes (a) prepared and filed the Debtor's 2013 tax returns; (b) prepared and filed amended 2013 tax returns, based upon information newly available to the Debtor; (c) prepared and filed the Debtor's 2014 tax returns; (d) consulted with the Debtor regarding, and performed

391788                                                                                                                                                          1

preparatory work for, the Debtor's 2015 tax returns; and (e) consulted with the Debtor with respect to tax issues relevant to its bankruptcy case (the "**Chapter 11 Case**").

This application is Taxes' first, and anticipated to be its final, application for payment in this matter. In total, as reflected herein, Taxes seeks reimbursement and payment of **$7,320**, representing $800 in flat-rate fees for the preparation of tax returns, plus an additional 21.7 hours of further accounting services at a rate of $300 per hour, and an additional $10 in expenses.

## II.      HISTORY OF THE COMPANY AND THE CHAPTER 11 CASE

1. On June 23, 2014 (the "**Petition Date**"), the Debtor filed a voluntary petition for relief under chapter 11 of the Code. Since the Petition Date, the Debtor has remained in possession of its assets and has continued to operate its business as a debtor in possession in accordance with 11 U.S.C. §§ 1107 and 1108. Neither a trustee nor a committee of unsecured creditors has been appointed in the Chapter 11 Case.

2. The Debtor owns and operates a commercial/industrial real property commonly known as 1975 N. 17th Avenue, Melrose Park, IL 60160-1348 (the "**Property**"), which constitutes the Debtor's sole asset.

3. The Debtor is a business entity which derives its gross income primarily from two tenants who lease industrial space on the Property, and two tenants with month-to-month leases of parking space.

4. The membership interests of the Debtor are held by two brothers, Andrew and Peter Konieczny. [*See* Statement of Financial Affairs at No. 21, ECF No. 41]. The Koniecznys also hold equity interests in the largest tenant of the Property, A.P. Machine, Inc. ("**AP Machine**").

5. The Property serves as collateral for two loans under which the Debtor is obligated, the second of which is wholly unsecured. Additional factual background relating to the Debtor's prepetition financing, and the litigation to which the Debtor was a party when the Chapter 11 Case was filed, is set forth in detail in that certain Motion of the Debtor for Entry of an Agreed Order Authorizing Use of Cash Collateral and for Related Relief. [ECF No. 49].

6. The Debtor, in consultation with its primary secured lender, has determined that the highest and best value available for the Debtor's assets will be generated through a sale that includes the assets of AP Machine. After identifying a "stalking horse" bidder and negotiating terms acceptable to the various parties in interest, the Debtor entered into that certain Sale and Purchase Agreement dated April 28, 2015 and successfully moved for an order establishing procedures for the sale of substantially all the Debtor's assets, as well as those of AP Machine. [*See* ECF No. 104].

7. On August 11, 2015, the Court will hold a hearing to consider approval of the successful bid for the Debtor's assets. [*Id*.].

III. **EMPLOYMENT OF TAXES AS ACCOUNTANTS TO THE DEBTOR**

8. Taxes has continually provided accounting services to the Debtor since fall 2011, having prepared and filed the Debtor's 2010, 2011, 2012, and 2013 tax returns. This experience provided Taxes with detailed institutional knowledge of the Debtor's business and financial information. Consequently, the Debtor determined that the retention of Taxes as its accountant would be more economically efficient that the retention of another accounting firm of comparable size and expertise.

9. On May 27, 2015, on motion by the Debtor (the "**Retention Motion**"), the Court entered an order authorizing the retention of Taxes as accountants to the Debtor, effective

391788                                                                                                                                          3

retroactive to the Petition Date. [ECF No. 102]. An affidavit of disinterestedness and Taxes' retention agreement with the Debtor were attached as exhibits to the Retention Motion. [*Id*.].

### IV.     SERVICES RENDERED AND EXPENSES INCURRED

10. To provide the best value for its clients, and as disclosed in the Retention Motion, Taxes utilizes a hybrid billing approach, charging flat rates for the performance of standardized tasks such as preparing and filing tax returns, and hourly rates for additional services such as consultations with clients and amendments to tax returns.

11. For ease of reference, Taxes has broken down its services into two categories: (a) "Flat Rate Services," for which Taxes seeks compensation of $800, and (b) "Hourly Rate Services," for which Taxes seeks compensation of $6,510. Each category of services is summarized below. Additionally, detailed time entries describing each activity performed, are included in Taxes' invoices, attached hereto as **Group Exhibits A and B** (the "**Attached Invoices**").

#### A.     Flat Rate Services

12. This category of services covers the preparation and filing of the Debtor's 2013 and 2014 partnership tax returns, which occurred on September 23, 2014, and June 12, 2015, respectively. All of the work in this category was performed by Artur Arciuch, a certified public accountant and one of the firm's Principals.

13. Consistent with its practice prior to the Petition Date, Taxes has charged the Debtor a flat rate of $400 per tax return, amounting to $800 in total.

#### B.     Hourly Rate Services

14. The Debtor's financial condition, including its insolvency and the appointment of a receiver prior to the petition date, necessitated accounting services beyond the mere preparation

and filing of tax returns. As disclosed in greater detail in the Attached Invoices, Taxes expended 21.7 hours of accounting services falling into this category. Hourly Rate Services included:

    a.    Meetings with the Debtor's management and legal counsel to discuss tax issues related to the Chapter 11 Case and the preparation and amendment of tax returns;

    b.    Review and analysis of tax documents to assist the Debtor in complying with their tax-related responsibilities as a chapter 11 debtor in possession; and

    c.    Preparation of the Debtor's amended 2013 tax return, which required analysis and comparison of the Debtor's records from previous years, as well as the records maintained by the former receiver of the Property.

15.    All of the work in this category was performed by Artur Arciuch, a certified public accountant and one of the firm's Principals, at a rate of $300 per hour. In total, the Hourly Rate Services amount to $6,510.

**C.    Expenses Incurred**

16.    Taxes endeavors to minimize expenses passed on to its clients and does not charge clients for expenses more properly considered overhead. Taxes seeks reimbursement for only one expense incurred during the Chapter 11 Case: a $10 fee for Priority Mail postage of the Debtor's 2013 tax return, incurred on September 24, 2014.

**V.    STANDARDS FOR APPROVAL OF APPLICATION**

17.    Section 330 of the Code describes the applicable standard for evaluating this Application. Under that section, a bankruptcy court may award "reasonable compensation for

391788    5

actual, necessary services rendered by . . . [a] professional person . . . and . . . reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

18. Reasonableness of compensation is evaluated by "taking into account all relevant factors," including:

(A) the time spent on such services;
(B) the rates charged for such services;
(C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a [bankruptcy case];
(D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
(E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
(F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than [bankruptcy cases].

11 U.S.C. § 330(a)(3).

19. Typically, courts employ a "market-driven" analysis of compensation, which considers the nature, extent, and value of the services provided by the professional and the cost of comparable services in non-bankruptcy contexts. *Zolfo, Cooper & Co. v. Sunbeam-Oster Co.*, 50 F.3d 253, 258 (3d Cir. 1995*); see also In re UNR Indus., Inc.*, 986 F.2d 207, 209-10 (7th Cir. 1993). Thus, "market rates generally are considered presumptively reasonable in fee litigation in this circuit." *In re Geraci*, 138 F.3d 314, 320 (7th Cir. 1998); *see also Zolfo, Cooper*, 50 F.3d at 259.

20. Both the flat rates and hourly rates charged by Taxes in the Chapter 11 Case are consistent with rates customarily charged to insolvent clients in comparable situations outside bankruptcy.

21. Under section 330 of the Code, courts consider more than just the number of hours spent and the ordinary compensation charged by a given professional. As summarized below, the allowance of this Application is strongly supported by each of these factors:

    a. <u>The necessity or benefit of services</u>. A debtor in possession is required to file tax returns, and to comply with other tax requirements. The services of Taxes therefore enabled the Debtor to comply with its duties as a debtor in possession, and to maximize the value of its assets.

    b. <u>Time and labor required</u>. As evidenced by the Attached Invoices, the time spent on Taxes' services is reasonable and proportionate to the complexity and importance of the work performed.

    c. <u>Certifications and other qualifications of the professional</u>. All services provided by Taxes were performed by Artur Arciuch, a certified public accountant and federally licensed tax practitioner.

### VI. REQUEST FOR SHORTENED NOTICE

22. Given the limited number of creditors—approximately 10—in this case and the relatively small amount of fees requested, Taxes respectfully requests that the required notice period be reduced to eighteen (18) days. Ordinarily, twenty-one days' notice of a hearing on a fee application must be given to all creditors, Fed. R. Bankr. P. 2002(a)(6), but the bankruptcy court may reduce this period at its discretion, Fed. R. Bankr. P. 9006(c). As evidenced by the Certificate of Service attached hereto, Taxes has given at least eighteen days' written notice of this Application to: (i) the office of the U.S. Trustee; (ii) counsel to the Debtor's secured lenders; (iii) all known creditors; and (iv) all other parties who have requested notice and service of all pleadings via the Court's CM/ECF system. Taxes requests that, pursuant to Bankruptcy

Rule 9006, the Court deem the foregoing notice sufficient under the circumstances, with no other or further notice required.

### VII.    CONCLUSION

23.    For the foregoing reasons, Taxes respectfully requests that the Court enter an order: (a) granting Taxes an allowance of reasonable and necessary professional fees in the amount of $7,310 and expenses in the amount of $10 incurred during this Application Period in the Chapter 11 Case, totaling $7,320, on a final basis; (b) authorizing the Debtor to immediately pay all fees and expenses hereby allowed; and (c) granting Taxes such other and further relief as may be just.

Respectfully submitted,

Dated: July 24, 2015

Artur Arciuch, MSc, CPA, E.A.

Personally and on behalf of
Taxes – The Financial Services Corp.
7003 1/2 W. Higgins Ave
Chicago, IL 60656

**Accountants to the Debtor**

391788

8